MORGANITE BRUSH CO., INC. *v.* UNITED STATES

**No. 5606.**—Invoice dated London, England, October 31, 1941.
      Certified November 1, 1941.
      Entered at New York, N. Y., December 1, 1941.
      Entry No. 727369.

(Decided March 31, 1942)

*Puckhafer, Rode and Rode* (*John D. Rode* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

EKWALL, Judge: This is an appeal from a finding of value made by the appraiser on an importation of merchandise from England. It was appraised as invoiced and entered at 12 pence per hundred. The appraiser also found an excess of 3,040 glass vials, which he valued at £ 0. 4s. 2d. per 100 and reported as not included in the unit value for the rings.

At the trial the examiner of this merchandise at the port of entry testified that the following statement of the facts was true and correct:

The merchandise the subject of this appeal consists of 304,000 carbon resistance rings packed in 3,040 glass vials. It was invoiced and entered at the price of 152 Pounds, which value included the rings as well as the vials. Through inadvertence, the merchandise was reported as an advance in value, whereas the examiner only reported the glass vials as an excess. In fact there was no excess and no advance in value, and the entered value correctly represented the sum of

1. The cost of materials, fabrication, manipulation or other process employed in the manufacturing or producing said merchandise;

2. The usual general expenses;

3. The cost of all containers and coverings and all other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States,

4. An addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture engaged in the manufacture of merchandise of the same class or kind, for both the rings and vials, the merchandise being properly dutiable on the basis of cost of production.

Both sides submitted the case.

In view of the above I find that the merchandise consists of 304,000 carbon resistance rings packed in 3,040 glass vials. I further find that the proper basis of value for such merchandise is the cost of production as defined in section 402 (f) of the Tariff Act of 1930, and that such value is the entered value.

Judgment will be rendered accordingly.